NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
        Federal Building, Suite 7211
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-4961
        Facsimile: (213) 894-0115
        E-mail: james.hughes2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERALDINE GARDNER,<br><br>Defendant. | No.   2:18-cv-03536<br><br>COMPLAINT TO REDUCE FBAR PENALTY TO JUDGMENT |

Plaintiff, UNITED STATES OF AMERICA, hereby alleges as follows:

I.     **JURISDICTION AND VENUE**

1.     The United States of America (alternatively "United States" or "government") brings this action to reduce FBAR penalties assessed against defendant Geraldine Gardner ("defendant") to judgment.

2.     This action is commenced under 31 U.S.C. § 3711(g)(4)(C) at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

1

and 1345.

4.      Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391 because defendant's last known place of residence is within this judicial district.

## II.   BACKGROUND

### A.   THE DEFENDANT

5.      Defendant is an individual believed to be residing within the Central District of California.  Defendant is made a party to this action because she is the individual against whom the United States seeks to reduce assessed FBAR penalties to judgment.

### B.   STATUTORY AND REGULATORY PROVISIONS FOR THE FBAR PENALTY

6.      Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States citizens and residents to report certain transactions with foreign financial agencies.

7.      Under the implementing regulations of § 5314, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the commissioner of Internal Revenue for each year in which such relationship exists[.]"  31 C.F.R. § 1010.350(a).

8.      The report must be filed with the IRS on a Report of Foreign Bank and Financial Accounts which is also referred to as an FBAR.  The report is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).

9.      For non-willful violations of the reporting requirements mandated by 31 U.S.C. § 5314, Congress – through 31 U.S.C. § 5321(a)(5)(C)(i) – authorized a maximum penalty of $10,000 per violation.

10.      Under 31 U.S.C. § 5321(b)(2)(A), the government may bring suit to recover the penalty assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2 year

period beginning on the date the penalty was assessed.

## C.   DEFENDANT DID NOT COMPLY WITH THE STATUTORY REQUIREMENTS FOR REPORTING HER INTERESTS IN FOREIGN BANK ACCOUNTS

11.   Defendant is a United States citizen.

12.   Following the death of her mother in 2007, defendant obtained ownership and control over four foreign bank accounts previously held in her mother's name: 1) a Swiss bank account held with UBS AG with the account number ending #7314 (the "UBS Account"); 2) a Swiss bank account with Graubunder Kantonalbank with the account number ending #8.100 (the "Graubunder Account"); 3) a German bank account with Wiesbander Volksbank AG with the account number ending #3023 (the "Wiesbander Account"); and 4) a Swiss bank account with Zurcher Kantonalbank with the account number ending #1780 (the "Zurcher Account").

13.   During the 2008 calendar year, defendant exercised ownership and control over the abovementioned accounts, and treated the funds held in the accounts as her personal assets.

14.   On June 19, 2008, defendant closed the UBS account and transferred the majority of the funds held in said account to the Zurcher account.

15.   During the 2008 calendar year, the high balance of each of the foreign accounts controlled by defendant was as follows: 1) UBS Account - $655,523; 2) Graubunder Account - $158,505; 3) Wiesbander Account - $35,591; and 4) Zurcher Account - $529,076.

16.   On August 14, 2009, defendant opened a bank account in Switzerland with Bank Frey with the account number ending #7769 (the "Bank Frey Account"). Approximately two weeks later, defendant closed the Zurcher Account and transferred the majority of the funds held in said account to the Bank Frey Account.  On information and belief, defendant subsequently consolidated funds from her remaining foreign accounts into the Bank Frey Account.

17.     During the 2009 calendar year defendant exercised ownership and control over the Graubunder Account, the Wiesbander Account, the Zurcher Account, and the Bank Frey Account.  Defendant treated the abovementioned accounts as her personal assets.

18.     During the 2009 calendar year, the high balance of each of the foreign accounts controlled by defendant was as follows: 1) Graubunder Account - $158,505; 2) Wiesbander Account - $34,156; 3) Zurcher Account - $529,076; and 4) Bank Frey Account - $741,080.

19.     During the 2010 and 2011 calendar years, defendant maintained ownership and control over the Bank Frey Account, and treated the funds held in the account as her personal assets.

20.     During the 2010 and 2011 calendar years, the high balances of the Bank Frey Account were $819,696 and $765,532 respectively.

21.     Defendant did not timely file FBAR forms reporting the existence of her foreign bank accounts for the years 2008, 2009, 2010, or 2011.  Additionally, defendant did not disclose any income or loss from her foreign bank accounts, or otherwise disclose the existence of said accounts, on any federal income tax returns filed with the IRS for the years 2008, 2009, 2010, or 2011.

22.     On January 7, 2013, defendant submitted an application to  participate in the IRS Offshore Voluntary Disclosure Program (OVDP) and was initially accepted into the OVDP.  As part of the OVDP, defendant was required to, and did file the delinquent FBAR forms for the years 2008 through 2011 reporting her interests in the abovementioned foreign bank accounts.

23.     Defendant was ultimately removed from the IRS OVDP, and an examination was commenced by the IRS.

III.    **CLAIM TO REDUCE FBAR PENALTY ASSESSMENTS AGAINST DEFENDANT TO JUDGMENT**

24.     Plaintiff United States of America realleges the allegations contained in

4

paragraphs 1 through 23 above.

25.     In 2008, defendant maintained at least four foreign financial accounts, the UBS Account, the Graubunder Account, the Wiesbander Account, and the Zurcher Account, which each had a balance in excess of $10,000.

26.     In 2009, defendant similarly maintained at least four foreign financial accounts, the Bank Frey Account, the Graubunder Account, the Wiesbander Account, and the Zurcher Account, which each had a balance in excess of $10,000.

27.     In 2010 and 2011, defendant maintained at least one foreign financial account, the Bank Frey Account, which had a balance in excess of $10,000.

28.     Defendant was required by law to file FBAR forms disclosing her financial interests in the UBS Account for the 2008 calendar year, the Graubunder Account, Weisbander Account, and Zurcher Account for the 2008 and 2009 calendar years, and the Bank Frey Account for the 2009, 2010, and 2011 calendar years.

29.     Defendant failed to timely disclose her financial interest in the abovementioned foreign financial accounts for the relevant time periods as required by 31 U.S.C. § 5314.

30.     On March 16, 2015, defendant and the Internal Revenue Service executed a stipulation to extend the statute of limitations for assessing FBAR penalties against defendant for the 2008 and 2009 calendar years until December 31, 2016.

31.     On December 6, 2016, the Internal Revenue Service assessed FBAR penalties against defendant based on her failure to report her interest in foreign financial accounts as required by 31 U.S.C. § 5314 for the following taxable periods and amounts:

| Time Period | Amount | Foreign Financial Account |
| --- | --- | --- |
| 2008 | $10,000 | UBS Account |
| 2008 | $10,000 | Graubunder Account |
| 2008 | $10,000 | Weisbander Account |
| 2008 | $10,000 | Zurcher Account |

| 2009 | $10,000 | Bank Frey Account |
|------|---------|-------------------|
| 2009 | $10,000 | Graubunder Account |
| 2009 | $10,000 | Weisbander Account |
| 2009 | $10,000 | Zurcher Account |
| 2010 | $10,000 | Bank Frey Account |
| 2011 | $10,000 | Bank Frey Account |

32.    On the same date the IRS assessed the penalties described in paragraph 31 above, the IRS sent defendant notice and demand for payment.

33.    Despite being issued notice and demand for payment, defendant has made no payments against her outstanding FBAR penalty liabilities for the calendar years 2008 through 2011.

34.    Interest and penalties have accrued on the assessed FBAR penalties as provided by law.  As of October 27, 2017, the total outstanding balance, consisting of the subject FBAR penalties, penalties for late payment under 31 U.S.C. § 3717(e)(2), and statutory interest, totaled $106,232.88.

35.    This action is brought within the two year limitations period specified in 31 U.S.C. § 5321(b)(2)(A).

36.    The United States is entitled to judgment against defendant in the amount of $106,232.88 plus all additional statutory accruals including interest and penalties plus costs and expenses.

///

///

///

## IV.   PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court:

1.   Enter a money judgment in favor of the United States and against defendant Geraldine Gardner in the amount of $106,232.88, plus additional statutory accruals including interest and penalties, plus costs and expenses;

2.   Grant such other and further relief as the court deems just and proper.


Dated: _4/26/2018                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division


_____/S/_____
JAMES C. HUGHES
Assistant United States Attorney

Attorneys for Plaintiff
United States of America