# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GERALDINE GARDNER (Dkt. 15, filed March 5, 2019)

## I. INTRODUCTION

On April 26, 2018, the United States of America brought this action against defendant Geraldine Gardner. Dkt. 1 ("Compl."). The government alleges that Gardner failed to pay penalty assessments issued by the Internal Revenue Code ("IRS"). It now seeks to reduce those penalties to judgment. Id.

Defendant was served with the summons and complaint by publication on October 22, 2018, October 29, 2018, November 5, 2018, and November 12, 2018. Dkt. 12. On December 6, 2018, the government requested the Clerk of the Court to enter default against defendant. Dkt. 13. Pursuant to the the government's request, the Clerk entered default on December 7, 2018. Dkt. 14. On March 5, 2019, the government filed the instant motion for default judgment. Dkt. 15 ("Mot."). The government's motion is unopposed. The Court held a hearing on April 22, 2019, at which defendant did not appear.

Having carefully considered the government's motion, the Court finds and concludes as follows.

## II. BACKGROUND

Defendant is a U.S. citizen and allegedly resides in the Central District of California. Compl. ¶¶ 5, 11. In 2007, following the death of her mother, defendant inherited four foreign bank accounts that each held over $10,000. Id. ¶¶ 12–15; Mot. at 1. Defendant maintained these funds overseas, and specifically during the years 2008 to 2011, defendant maintained one to four accounts at a time, with total funds ranging from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

$765,532 to $1,462,817. Compl. ¶¶14–21; Mot. at 2–3. By law, defendant was required annually disclose her foreign accounts to the IRS by filing a form known as the Report of Foreign Bank and Financial Accounts ("FBAR"). Compl. ¶ 8; Mot. at 1. However, defendant failed to timely file FBAR forms for any of her foreign bank accounts for the years 2008, 2009, 2010, and 2011. Compl. ¶ 21; Mot. at 3. In total, defednant thus failed to disclose ten foreign accounts.[1]

On January 7, 2013, defendant applied to participate in the IRS Offshore Voluntary Disclosure Program ("OVDP"), an IRS initiative that provides a uniform penalty structure to taxpayers who voluntarily reported previously undisclosed foreign accounts and assets. Compl. ¶ 22; Mot. at 3 n.2. The OVDP required defendant to file delinquent FBAR forms from 2008 to 2011. Compl. ¶ 22; Mot. at 3. Defendant complied with the OVDP requirements and filed the delinquent FBAR forms, but was nonetheless removed from the OVDP for undisclosed reasons. Compl. ¶¶ 22–23; Mot. at 3. On March 16, 2015, defendant agreed to extend the IRS's deadline to assess FBAR penalties for 2008 and 2009. Dkt. 15, Ex. 1. On December 6, 2016, the IRS sent notice to defendant that it assessed FBAR penalties of $10,000 for each of the ten foreign accounts that defendant owned and failed to disclose from 2008 to 2011, totaling $100,000. Compl. ¶¶ 31-32; Mot. at 1, 3–4. Defendant failed to pay the outstanding FBAR penalties. Compl. ¶ 33.

---

[1] Defendant owned the following accounts over a 4-year period, which included the following sums. Mot. at 1–4.

| Year | Bank Account | Country | Highest Balance During Year |
|---|---|---|---|
| 2008 | UBS AG | Switzerland | $655,523 |
| 2008 | Graubunder Kantonalbank | Switzerland | $158,505 |
| 2008 | Wiesbander Volksbank AG | Germany | $35,591 |
| 2008 | Zurcher Kantonalbank | Switzerland | $529,076 |
| 2009 | Bank Frey | Switzerland | $741,080 |
| 2009 | Graubunder Kantonalbank | Switzerland | $158,505 |
| 2009 | Wiesbander Volksbank AG | Germany | $34,156 |
| 2009 | Zurcher Kantonalbank | Switzerland | $529,076 |
| 2010 | Bank Frey | Switzerland | $819,696 |
| 2011 | Bank Frey | Switzerland | $765,532 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

The government now moves to reduce the FBAR penalties of $100,000, plus $5,342 in late-payment penalties, and $890 in interest to judgment. Compl. ¶¶ 34, 36; Mot. at 1, 4.

## III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2017) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

The Ninth Circuit has directed courts to consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV.  DISCUSSION

### A.  Possibility of Prejudice to the Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or to defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

The government contends, that despite its pursuit of this case, defendant has ignored the government and the judicial process. Mot. at 5–6. Therefore, given defendant's failure to litigate this case, the government would be prejudiced if denied a remedy against these defendants. As a result, the first Eitel factor weighs in favor of entering default judgment against defendant.

### B. Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). The Court analyzes each of the government's alleged claims in turn below.

### i. Legality of Penalty Assessments

The government seeks to reduce the FBAR penalty assessments to judgment. Under the Bank Secrecy Act, 31 U.S.C. §§ 5311-25, U.S. citizens must report to the Secretary of the Treasury any relationships with foreign financial accounts with balances in excess of $10,000. 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.306, 1010.350. These relationships must be disclosed via Treasury Department Form 90-22.1, otherwise known as the FBAR form. 31 C.F.R. § 1010.350(a). FBARs must be filed no later than "June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c). If an individual non-willfully violates the FBAR reporting requirements, the government may impose a civil penalty not to exceed $10,000 per violation. 31 U.S.C. § 5321(a)(5)(B).

Here, defendant failed to timely disclose foreign accounts in 2008, 2009, 2010, and 2011. Mot. at 7. Although defendant ultimately filed FBARs for those accounts in 2013, the deadline to file FBARs had elapsed. Id. Accordingly, the IRS is authorized to assess an FBAR penalty not exceeding $10,000 for each foreign account defendant failed to disclose. 31 U.S.C. § 5321(a)(5)(B). Because the IRS imposed a $10,000 FBAR penalty for each violation, the IRS acted within its statutory authority. See id. (limiting non-willful FBAR violations to $10,000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

### ii. Timeliness of Penalty Assessments

An FBAR penalty must be assessed within six years of the date of the FBAR violation. 31 U.S.C. § 5321(b)(1). The government may commence a civil action to recover an FBAR penalty assessment within 2 years of the date of the FBAR penalty assessment. 31 U.S.C. § 5321(b)(2)(A).

The IRS was initially required to assess FBAR penalties for the 2008 and 2009 calendar year by June 30, 2015 and June 30, 2016, respectively. 31 U.S.C. § 5321(b)(1). However, on March 16, 2015, defendant stipulated to extend the 2008 and 2009 penalty assessment deadline to December 31, 2016. Dkt. 15, Ex. 1. Following the stipulation, the IRS imposed the ten non-willful FBAR penalties against defendant on December 6, 2016, well within the stipulated deadline. The government also timely initiated this action. Because the FBAR penalties were assessed on December 6, 2016, the government was required to file its complaint no later than December 6, 2018. 31 U.S.C. § 5321(b)(2)(A). Here, the government filed its complaint on April 26, 2018. The Court thus finds that the government timely assessed the FBAR penalties and commenced this action.

### C. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. CV 16-6049-RSWL-EX, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, the government is seeking to reduce $106,233 in FBAR penalties, late-payment penalties, and interest to judgment because defendant failed to disclose ten foreign bank accounts over a four-year period. Mot. at 4,10. In 2008 and 2009, defendant maintained a total of $1,378,695 and $1,462,817, respectively, across four foreign accounts. Mot.1–4. In 2010 and 2011, defendant owned a total of $819,696 and $765,532 respectively, in a single foreign account. Accordingly, the government seeks a penalty that accounts for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

roughly ~7% to 13% of the assets defendant maintained overseas. Moreover, the government imposed non-willful FBAR penalty assessments, which carry a maximum penalty of $10,000, whereas willful violations carry a maximum penalty of $100,000. See 31 U.S.C. § 5321(a)(5)(B)–(C). The government support its request by attaching (1) documents demonstrating the existence of the FBAR penalties and the outstanding balance of the FBAR penalties assessed against defendant, dkt. 15, Ex. 2–4; and (2) a declaration from an IRS penalty coordinator who reviewed the FBAR penalties assessed against defendant, dkt. 15, Declaration of Nancy Beasley ¶ 3. Accordingly, the Court finds that reducing $106,233 in FBAR penalties, late-payment penalties, and interest to judgment is appropriate.

### D. Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Here, the government has produced the foreign bank account numbers, a signed document by defendant consenting to a time extension for the government to assess FBAR penalties, dkt. 15, ex. 1, and letters to defendant that provide notice of the outstanding FBAR penalty assessments, dkt. 15, ex. 3. The government does not explain why conversations with defendant ceased after she entered into OVDP, filed her delinquent FBAR forms, and stipulated to extend the deadline by which the government could assess FBAR penalties. However, having defaulted, defendant has now admits all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. See Elektra, 226 F.R.D. at 393. Accordingly, this factor weighs in favor of entering default judgment.

### E. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Defendant was served with the summons and complaint by publication on October 22, 2018, October 29, 2018, November 5, 2018, and November 12, 2018. Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

12.[2] Default was entered on December 7, 2018. Dkt. 14. The government also served the instant motion for default judgment on defendant on March 5, 2019, by mailing the motion to an address previously associated with defendant. Dkt. 15, Declaration of John D. Ellis ¶ 8. Defendant has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). This factor therefore also militates in favor of entering default judgment.

### F.     Policy in Favor of Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). A party's failure to answer or to appear makes a decision on the merits impractical, if not impossible. Id. Thus, the seventh Eitel factor does not preclude the entry of default judgment against defendant. Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors militate in favor of entering default judgment, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted).

---

[2]     Despite concerted efforts, the government was unable to locate defendant's whereabouts. Dkt. 10. The government (1) conducted public records searches to locate defendant; (2) reviewed information reported to the IRS relating to defendant; (3) assigned a revenue officer to visit a number of addresses associated with defendant and to call a phone number that defendant provided in an earlier bankruptcy case; (4) requested records from the California Department of Motor Vehicles relating to defendant; (5) reviewed defendant's credit report; and (6) issued levies and administrative summonses to potential collection sources for defendant's 2008-2011 federal income tax liabilities. Id. at 3–4. Accordingly, on September 21, 2018, the Court granted the government's motion to serve summons on defendant by publication. Dkt. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:18-cv-03536-CAS-E | Date | April 22, 2019 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. GERALDINE GARDNER | | |

    In sum, the Court finds that the six of the <u>Eitel</u> factors weigh in favor of granting government's motion for default judgment, while one factor militates against granting this motion. Therefore, based on the foregoing, the Court **GRANTS** the government's motion for default judgment against defendants.

## V.   CONCLUSION

    The Court **GRANTS** the government's motion for default judgment.

    IT IS SO ORDERED.

                                                                                                            00      :      00

                                                    Initials of Preparer         CMJ